# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RUSSELL MONTRELIA COTTON, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| VICTOR WALKER, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:11-CV-2533-TWT-RGV |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion

and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 6th day of December, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| RUSSELL MONTRELIA COTTON, | :: | HABEAS CORPUS |
| --- | --- | --- |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| VICTOR WALKER, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:11-CV-2533-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

Petitioner, an inmate at the Baldwin State Prison in Hardwick, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his convictions in the Superior Court of Clayton County. The matter is now before the Court on the petition, [Doc. 1], and respondent's motion to dismiss the petition as untimely, [Doc. 12]. Petitioner has not filed a response to this motion. Accordingly, it is deemed unopposed. See LR 7.1B, NDGa. For the reasons stated below, the undersigned **RECOMMENDS** that respondent's motion be **GRANTED** and this action be **DISMISSED** as time barred.

## I. PROCEDURAL HISTORY

On April 23, 2004, petitioner pleaded guilty, pursuant to a negotiated plea agreement, to burglary, aggravated sodomy, rape, armed robbery, wearing a mask, and giving a false name. [Doc. 13-6 at 5, 11, 14-16]. The Superior Court of Clayton County sentenced petitioner to a total of twenty years of imprisonment and entered

judgment on April 28, 2004. [Id. at 20-21; Doc. 13-5 at 60-62]. Petitioner did not file a direct appeal. [Doc. 1 at 3].

On July 1, 2008, petitioner filed a state habeas petition. [Doc. 13-1]. After holding an evidentiary hearing, the Superior Court of Macon County entered a written order denying the petition. [Doc. 13-2]. On November 22, 2010, the Georgia Supreme Court denied petitioner a certificate of probable cause to appeal the denial of habeas corpus relief. [Doc. 13-4].

Petitioner filed this § 2254 petition on July 24, 2011.[1] [Doc. 1 at 8]. As grounds for relief, petitioner asserts that (1) he received ineffective assistance of counsel in connection with his decision to plead guilty, (2) the trial court improperly entered into the plea discussions with defense counsel and the prosecutor, (3) counsel coerced petitioner to enter a guilty plea, and (4) counsel failed to fie a direct appeal despite petitioner's request to do so. [Id. at 5-6]. Respondent moves to dismiss the petition as untimely. [Doc. 12].

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2254, Rule 3(d); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

2

## II. DISCUSSION

A § 2254 petition is subject to a statutory one-year limitation period, which runs from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) of § 2244(d)(1) apply. Thus, the limitations period began to run on May 28, 2004, thirty days after entry of petitioner's judgment of conviction. See O. C. G. A. § 5-6-38(a) (notice of appeal must be filed within thirty days after entry of judgment); Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that prisoner's conviction became final under § 2244(d)(1)(A) when

3

the time for filing a direct appeal expired). Accordingly, petitioner had until May 28, 2005 to file his § 2254 petition.

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, "a state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted). Because petitioner did not file his state habeas petition until July 1, 2008, approximately three years after the limitations period had expired, he is not entitled to statutory tolling.

Petitioner does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his federal petition. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (The limitations period set forth in "§ 2244(d) is subject to equitable tolling" when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (citation omitted); Johnson v. Florida Dep't of Corr., 513 F.3d 1328, 1333-36 (11th Cir. 2008) (declining to address whether there is an actual innocence exception to the limitations period applicable to § 2254 actions

4

because petitioner had not shown actual innocence). Therefore, petitioner's § 2254 petition, which he filed on July 24, 2011, is untimely by more than six years.

## III. CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability

5

should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing Slack, 529 U.S. at 484). Because petitioner cannot show that reasonable jurists could debate the dismissal of his petition as time barred, he should be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that respondent's motion to dismiss, [Doc. 12], be **GRANTED**, that this action be **DISMISSED** as time barred, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 6th day of December, 2011.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

6